E. Scott Palmer, Esq., SBN 155376
Email: spalmer@pldlawyers.com
Frederick A. Haist, Esq., SBN 211322
Email: fhaist@pldlawyers.com
PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017
Phone: (213) 688-0430
Fax: (213) 688-0440

Attorneys for Defendant Homecomings Financial, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Shamelle Morris 6544 College Grove Dr #68 San Diego, CA 92115,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>Homecomings Financial LLC 2711 North Haskell Ave, Ste 900 Dallas, TX 75204,<br><br>　　　　Defendant. | Case No. 08 CV 0203 JM RBB<br><br>[Honorable Jeffrey T. Miller]<br><br>**DEFENDANT HOMECOMINGS FINANCIAL, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT OR ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT**<br><br>[FRCP RULES 12(b)(6), 12(e)]<br><br>**DATE:    July 18, 2008**<br>**TIME:    1:30 p.m.**<br>**PLACE:   Courtroom 16**<br><br>[Complaint filed: February 1, 2008] |

///
///
///
///
///
///
///

## I. INTRODUCTION

Federal Rule of Civil Procedure Rule 8 only requires a short, concise statement that provides notice to a defendant of the claims alleged against it. The key requirement is notice. Plaintiff Shamelle R. Morris' ("Plaintiff") complaint, filed on February 1, 2008, does not provide adequate notice of what claims she is bringing against Defendant Homecomings Financial, LLC ("Homecomings"). Instead, her complaint is a stream of consciousness, alleging claims that are not clearly asserted or even valid. The captions in her complaint do not fully correspond to the claims alleged in the body of her complaint. Many of the sentences are incomplete or contain grammatical errors that make it impossible to discern the claimed wrong. It seems Plaintiff attempted to allege claims for: 1) Quiet Title; 2) Violation of 42 U.S.C. §§1983, 1985 and 1986; 3) Violation of the Bankruptcy Reform Act of 1978; 4) Violation of Regulation Z of the Truth in Lending Act ("TILA," 15 U.S.C. §1601 *et seq.*); 5) Criminal violation of 18 U.S.C. §4; 6) Domestic Mixed War; 7) Fraud; 8) Conspiracy; 9) Treason; and 10) the Racketeer Influenced and Corrupt Organizations Act ("RICO", 18 U.S.C. §1961 *et seq.* ). However, the allegations she provides to support these "claims" do not set forth the elements of those claims. Homecomings cannot realistically or fairly respond to the complaint—Plaintiff's allegations do not provide any notice of any valid claim. Plaintiff also has failed to serve the complaint on Homecomings. For these reasons, Plaintiff's complaint should be dismissed.

## II. ALLEGATIONS SET FORTH IN THE COMPLAINT

Plaintiff has previously filed a similar complaint in the United States District Court for the Southern District of California entitled SHAMELLE R. MORRIS, Plaintiff vs. HOMECOMINGS FINANCIAL, LLC; WACHOVIA DEALER SERVICES, Defendants, case number 07 CV 2122 L (NLS) and filed on November 6, 2007. The claims and much of the contents of that complaint are similar or identical to the instant complaint. Homecomings requests judicial notice of case

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

number 07 CV 2122 L (NLS) and will file a notice of related case concurrently with this motion. (*See* Request for Judicial Notice, filed concurrently.)

It is difficult to set forth the allegations in Plaintiff's complaint. It contains no paragraph, line or even page numbers. Her caption pages indicate claims for quiet title, violations of 42 U.S.C. §§1983, 1985 and 1986, violation of the Bankruptcy Reform Act of 1978 and violation of Regulation Z of TILA, but she does not assert any facts to support those claims. It appears that Homecomings conducted a foreclosure under a deed of trust or promissory note and refused to settle with Plaintiff. Plaintiff requests that the trustee and beneficiary on her deed of trust be replaced. Plaintiff "defines" domestic mixed war and then asserts that the President/Vice President of Homecomings has committed a crime against humanity. Plaintiff also "defines" fraud, conspiracy, treason and racketeering. Plaintiff asserts she has not waived any contractual right with Homecomings. Finally, Plaintiff alleges UCC code sections with a table of dollar amounts.

## III. THE COMPLAINT SHOULD BE DISMISSED UNDER FRCP RULE 4(m) BECAUSE 120 DAYS HAVE ELAPSED SINCE FILING

Homecomings has not been served with the complaint and no proofs of service have been filed with the Court. Under FEDERAL RULE OF CIVIL PROCEDURE RULE 4(m), "If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant . . ." The 120 days elapsed on June 2, 2008—this motion will be heard after that date. A dismissal therefore is warranted under Rule 4(m).

## IV. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE SHE HAS NOT ALLEGED ANY VALID CLAIMS

Plaintiff's complaint is so uncertain that it is hard to decipher the basis upon which she has made her complaint. To the extent that Plaintiff has alleged any claims, she has failed to allege sufficient facts to maintain them.

### A. Legal Standard for a Motion to Dismiss

A motion to dismiss pursuant to FEDERAL RULE OF CIVIL PROCEDURE ("FRCP"), RULE 12(b)(6) tests the sufficiency of the complaint. *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). The standard of reviewing the sufficiency of a complaint under FRCP RULE 12(b)(6) is broad but a complaint must allege enough facts to state a claim that is plausible, not merely conceivable. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those allegations cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-755 (9th Cir. 1994); *Cholla Readimix, Inc. v. Civish,* 382 F.3d 969, 973 (9th Cir. 2004); *see also Twombly*, 127 S.Ct. at 1964-65. Plaintiff fails to meet this standard.

### B. Plaintiff Failed to Allege Facts Constituting Any Cognizable Claims against Homecomings

Plaintiff seems to allege the following claims: 1) Quiet Title; 2) Violation of 42 U.S.C. §§1983, 1985 and 1986; 3) Violation of the Bankruptcy Reform Act of 1978; 4) Violation of Regulation Z of TILA; 5) criminal violation of 18 U.S.C. §4; 6) Domestic Mixed War; 7) Fraud; 8) Conspiracy; 9) Treason; and 10) RICO.

#### 1. Plaintiff Has Failed to Allege Facts Supporting a Quiet Title Claim

Plaintiff does not seem to specifically allege a quiet title claim, but the phrase "quiet title" is used in several places in the complaint as headings. Under California CODE OF CIVIL PROCEDURE §761.020, a complaint alleging a quiet title claim must meet certain elements. The complaint must be verified and allege: 1) the legal description and street address of real property; 2) the title Plaintiff seeks and the factual basis for the title (e.g., adverse possession); 3) the adverse claims against the title; 4) the date as of when the determination is sought; and 5) a prayer for the determination of the title. CAL. CODE OF CIV. PROC. §761.020*; see also Strauss v.*

*Summerhays*, 157 Cal.App.3d 806, 812 fn.3, 204 Cal.Rptr. 227 (1984). Plaintiff has failed to meet these elements.

Although several of her headings use the word affidavit and she attested that the allegations were true to the best of her knowledge, Plaintiff does not formally verify her complaint. *See* CAL. CODE OF CIV. PROC. §446. Plaintiff fails to state the legal description of the property seemingly at issue. She fails to describe her title or interest in the property and the basis for any interest. In fact, although she alleges she resides there, she fails to allege she even owns the property mentioned in her complaint. Failure to allege a property interest is fatal to a quiet title action. *Melvin v. Melvin*, 8 Cal.App. 684, 688, 97 P. 696 (1908); *see also South Shore Land Co. v. Petersen*, 226 Cal.App.2d 725, 740-741, 38 Cal.Rptr. 392 (1964).

She also does not allege what adverse claims against the title Homecomings allegedly has. She does not specifically pray for title to transfer from Homecomings to her. Plaintiff simply has not alleged the elements of a quiet title claim and it should be dismissed.

## 2. Plaintiff Has Failed to Allege Facts Supporting Her 42 U.S.C. §§1983, 1985 and 1986 Claims

Plaintiff has mentioned 42 U.S.C. §§1983, 1985 and 1986 in what appears to be a caption of her complaint, although she does not make a claim under those statutes in her complaint.

To state a claim under 42 U.S.C. §1983, Plaintiff must allege a violation of a constitutional right by Homecomings. *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001). She has not done this. She must also show that the constitutional violation "'was committed by a person acting under color of state law.'" *Ove*, 264 F.3d at 824 (quoting *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988)). She has not alleged that Homecomings acted under color of law. In fact, a §1983 claim cannot be brought against a private entity, except when a plaintiff has alleged the entity is a "willful participant in joint action with the State or its agents."

[Internal quotations and citations omitted.] *Peng v. Mei Chin Penghu*, 335 F.3d 970, 980 (9th Cir. 2003). She has not alleged this with respect to Homecomings.

A claim under 42 U.S.C. §1985 is not valid against Homecomings. Such a claim requires allegations showing: (1) A conspiracy; (2) The conspiracy was motivated by racial or a class-based discriminatory animus for the purpose of depriving, either directly or indirectly, Plaintiff of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) Homecomings committed an act in furtherance of this conspiracy; and (4) Plaintiff was either injured in her person or property or deprived of any right or privilege of a citizen of the United States. *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992). Plaintiff has not alleged Homecomings entered into a conspiracy with anyone. Even if she had, she has not alleged that the conspiracy was designed to deprive her of her rights because she is a member of a recognized class (e.g., race, color, religion, sex, or national origin). *See Sever*, 978 F.2d at 1536. Finally, it is not clear what injuries Plaintiff suffered. She simply has not alleged any facts setting forth her claim.

If Plaintiff is bringing a 42 U.S.C. §1986 claim, it must fail. A claim can "'be stated under § 1986 only if the complaint contains a valid claim under § 1985.'" [Internal citations omitted.] *McCalden v. California Library Ass'n*, 955 F.2d 1214, 1223 (9th Cir. 1990). As discussed above, Plaintiff has failed to allege a valid claim under 42 U.S.C. §1985.

To the extent Plaintiff has alleged claims under 42 U.S.C. §§1983, 1985 and 1986, they should be dismissed.

### 3.     Plaintiff Has Failed to Allege Facts Supporting a Violation of the Bankruptcy Reform Act of 1978

Plaintiff lists a violation of the Bankruptcy Reform Act of 1978 in the caption in her complaint. The Act was a law revising the previous bankruptcy code, so it alone is unlikely to provide a basis for a claim. Further, the Act was partially revised in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005

(Pub.L. 109-8, 119 Stat. 23). Thus, it is even more likely that she has no claim under the Bankruptcy Reform Act of 1978. Regardless, she has not alleged a violation of any section or any facts showing a basis for a claim under the Act.

### 4. Plaintiff Has Failed to Allege Facts Supporting a Violation of Regulation Z and TILA

Plaintiff mentions Regulation Z and TILA in what appears to be a caption in her complaint. However, she does not allege any facts or any other information about this claim. Homecomings cannot discern any basis for Plaintiff's supposed TILA claim. It should be dismissed.

### 5. Plaintiff Has Failed to Allege Facts Supporting a Criminal Claim under 18 U.S.C. §4

Plaintiff seems to allege a criminal claim against Homecomings. She cites 18 U.S.C. §4 as the basis; however, this section involves the crime of misprision of felony. Misprision of felony is a criminal claim that can only be prosecuted by the United States Attorney General or his or her delegate. *See, e.g., U.S. v. Nixon*, 418 U.S. 683, 694, 94 S.Ct. 3090 (1974); 28 U.S.C. §516. It is not a claim she can allege against Homecomings in a civil complaint. It should be dismissed.

### 6. Plaintiff's Domestic Mixed War Claim Is Not a Valid Claim

Plaintiff seems to allege a claim for a "domestic mixed war." She cites 18 U.S.C. §4 in support of this "claim", but that statute involves the crime of misprision of felony. It also has nothing to do with a war. As mentioned, she cannot bring a claim under 18 U.S.C. §4. *See, e.g., Nixon*, 418 U.S. at 694; 28 U.S.C. §516. Plaintiff also cites 42 U.S.C. §§1983, 1985 and 1986 to support this claim. However, it is not at all clear how a deprivation of a person's constitutional rights under color of law states a claim for a "domestic mixed war." The protections provided by 42 U.S.C. §§1983, 1985 and 1986 simply do not support this "claim." Since Plaintiff has not provided any cognizable basis for her "domestic mixed war" claim, it should be dismissed.

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

### 7.     Plaintiff Has Failed to Allege Facts Supporting a Fraud Claim

Plaintiff alleges a "fraud" claim. FEDERAL RULE OF CIVIL PROCEDURE, RULE 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." This means that Plaintiff must state the contents of alleged misrepresentative statements, as well as what is false or misleading about the statement, when it was made, where it was made and why it is false. *Yourish v. California Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999) (*citing In re GlenFed Sec. Litig.*, 42 F.3d 1541, 1545 (9th Cir. 1994) (en banc)). Plaintiff's fraud allegation is a long, incomplete sentence that seems to be a definition of fraud. Plaintiff has not met the heightened pleading requirements of RULE 9. Under California law, she absolutely has failed to state a claim. *See, e.g., Murphy v. BDO Seidman, LLP*, 113 Cal.App.4th 687, 692, 6 Cal.Rptr.3d 770 (2003); *Tarmann v. State Farm Mutual Auto Ins. Co.*, 2 Cal.App.4th 153, 157, 2 Cal.Rptr.2d 861 (1991); *Stanfield v. Starkey*, 220 Cal.App.3d 59, 73, 269 Cal.Rptr. 337 (1990).

Plaintiff also inexplicably cites California Penal Code §532 (making fraud a criminal violation) and 18 U.S.C. §1001 (making fraud as to the U.S. Government criminal) as the bases for this claim. However, these statutes do not form the basis of a civil fraud claim. Further, Plaintiff cannot bring a criminal action under those statutes under federal or state law. *See, e.g., Nixon*, 418 U.S. at 694; 28 U.S.C. §516; *People v. Viray*, 134 Cal.App.4th 1186, 1202-1204, 36 Cal.Rptr.3d 693, 707 (2005); CAL. GOVT. CODE §§100, 26500 .

Even had Plaintiff pled her fraud claim with the required specificity, she has not alleged sufficient facts to state a civil fraud claim. The elements of a fraud claim are 1) misrepresentation of a fact; 2) knowledge of falsity; 3) intent to defraud, that is, to induce reliance; 4) justifiable reliance; and 5) resulting damage. *Buckland v. Threshold Enterprises, Ltd.*, 155 Cal.App.4th 798, 806-807, 66

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

Cal.Rptr.3d 543 (2007). Plaintiff has not alleged any misrepresentations of any facts; she just alleges Homecomings handled a foreclosure unprofessionally. She also fails to allege how she was damaged. "It is the rule that fraud without damages is not actionable." *Agnew v. Parks*, 172 Cal.App.2d 756, 768, 343 P.2d 118 (1959); *Stephenson v. Argonaut Ins. Co.*, 125 Cal.App.4th 962, 974, 23 Cal.Rptr.3d 195 (2004). She has not alleged a fraud claim.

### 8. Plaintiff Has Failed to Allege Facts Supporting a Conspiracy Claim

Plaintiff seems to be bringing this claim under state law. The elements of a state civil conspiracy are: (1) an agreement to do a wrongful act; (2) a wrongful act or acts done pursuant thereto; and (3) the damage resulting. *Kidron v. Movie Acquisition Corp.*, 40 Cal.App.4th 1571, 1581, 47 Cal.Rptr.2d 752 (1995); *see also Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 511, 28 Cal.Rptr.2d 475 (1994). To be liable, Homecomings must participate in committing the tort; mere knowledge is insufficient. *Kidron*, 40 Cal.App.4th at 1582. There also has to be two parties conspiring with each other. *Kidron*, 40 Cal.App.4th at 1582. Plaintiff has failed to allege Homecomings participated in any tort. In addition, Plaintiff has not alleged that Homecomings conspired with another entity. Finally, if Plaintiff has not alleged facts to support any torts, then logically a conspiracy cannot be established. *Kidron*, 40 Cal.App.4th at 1582. Thus, this claim should be dismissed.

### 9. Plaintiff Has Failed to Allege Facts Supporting a Treason Claim

This criminal claim can only be prosecuted by the United States Attorney General. *See, e.g., Nixon*, 418 U.S. at 694; 28 U.S.C. §516. Even assuming Plaintiff can somehow bring this claim, she has not established the elements. Treason consists of two elements: adherence to the enemy, and rendering it aid and comfort. *Tomoya Kawakita v. U.S.*, 190 F.2d 506, 515 (9th Cir. 1951); *Tomoya*

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

*Kawakita v. U. S.*, 343 U.S. 717, 736, 72 S.Ct. 950, 962 (1952). Plaintiff has alleged no facts showing Homecomings rendered aid and comfort to an enemy of the United States or that it adhered to an enemy. This claim is not established and should be dismissed.

### 10.	Plaintiff Has Failed to Allege Facts Supporting a RICO Claim

To establish a RICO claim, Plaintiff must allege facts showing: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to the plaintiff's "business or property." *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996); 18 U.S.C. §§1962(c), 1964(c). "Racketeering activity" is defined as a violation of one or more of a laundry list of criminal actions which include murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, dealing in a controlled substance, or fraud (including wire and mail fraud). 18 U.S.C. §1961. An "enterprise" must consist of two distinct entities. *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161, 121 S.Ct. 2087 (2001). Plaintiff has failed to allege Homecomings was part of an enterprise, conducted a pattern of racketeering activity or that she suffered any damages due to the activity. Indeed, it is unclear that Plaintiff has suffered any damages; while she has alleged a table with money amounts, there are no allegations indicating why she should receive those amounts. Plaintiff has not established this claim.

## V.	ALTERNATIVELY, A MORE DEFINITE STATEMENT IS NEEDED BECAUSE HOMECOMINGS CANNOT ANSWER PLAINTIFF'S COMPLAINT

If the Court does not grant Homecomings' motion to dismiss, it should require Plaintiff to provide a more definite statement. A motion for a more definite statement should be granted if a party cannot frame a responsive pleading. FED. R. CIV. P. 12(e); *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F.Supp. 940, 949 (E.D. Cal. 1981). Homecomings cannot realistically answer Plaintiff's complaint as

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

it stands now.  Many of the allegations are misstated summaries of statutes or misquoted principles.  Some of the sentences in the complaint are incomplete or are averments that cannot be denied or admitted.  For instance, Plaintiff makes the following allegation: "As an end result a secondary party protest to the Secretary of the Treasury and the Comptroller of the Currency, by notary public, all notices of dishonor."

Plaintiff also seems to allege "claims" that are not legally recognized claims such as "domestic mixed war."  She cites several statutes, including 15 U.S.C. §1635, 18 U.S.C. §§513, 1001, 1961 and 2311, 22 U.S.C. §263, 28 U.S.C. §4 and 42 U.S.C. §§1983, 1985 and 1986, 12 C.F.R. §226.23 and UCC §§3-103, 403, 1-105 and 1-201, yet fails to allege any coherent facts relating to those statutes.  She alleges violations of criminal statutes yet cannot bring such claims.

If the complaint is not dismissed, Plaintiff simply must redraft her complaint so that it is understandable.

## VI. CONCLUSION

Plaintiff's stream of conscious complaint is defective on numerous grounds and should be dismissed.  Not only has Plaintiff failed to serve it on Homecomings, she failed to state any viable claims.  Plaintiff has asserted a plethora of sentences and cited numerous statutes, but she has not alleged anything that would constitute a claim against Homecomings.  Plaintiff's claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6) since she has failed to state any cognizable claims.  Alternatively, Plaintiff should be ordered to provide a more definite statement.

DATED: June  5 , 2008

By  s/ Frederick A. Haist
E. SCOTT PALMER
FREDERICK A. HAIST
PALMER, LOMBARDI & DONOHUE LLP
Attorneys for Defendant Homecomings Financial, LLC