# TABLE OF CONTENTS TO EXHIBITS

Page

Exhibit A ...........................................................................................................5

Exhibit B ......................................................................................................... 21

PALMER, LOMBARDI & DONOHUE LLP
888 West 6ᵗʰ Street, 12ᵗʰ Floor
Los Angeles, California 90017

**EXHIBIT A**

Shamelle R. Morris
6544 College Grove Drive #68
San Diego, CA 92115

FILED

07 NOV -6 PM 2:05

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

**THE UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

'07 CV 2122 · (L)(NLS)

Shamelle R. Morris,

         Plaintiff,

     vs.

HOMECOMINGS FINANCIAL LLC,

Wachovia Dealer Services

        Defendant

Case No: _____

**Complaint to Action of Quiet Title**

**Failure to Give Full Disclosure Of  Regulation Z Truth and Lending Act Title 5 USC section 1635(a) Title12 CFR 226.23(D)(I)**

"Here comes the, Shamelle R. Morris, bringing this complaint/ Action to Quiet Title/ Lis Penden.  This controversy is over Three Hundred Thousand Dollars and it also involves real property; located at 6544 College Grove Drive #68, San Diego CA 92115 and Loan No. 81003260 and 810033261 of Homecomings Financial. **Invasion of Regulation Z of the Truth in Lending ACT, Title 5 USC(a) Title 12 CFR 226.23 (D)(I).**

Action to Quiet Title Action  1

## Failure to Give Full Disclosure Of Regulation Z Truth and Lending Act Title 5 USC section 1635(a) Title12 CFR 226.23(D)(I)

### Jurisdiction of the Court

The jurisdiction of this subject matter involves real property, Predatory Lending, constructive fraud, misinformation, failure to give full disclosure of contract, and violations of Regulation Z of the Truth and Lending Act. In further notice of jurisdiction and judicial notice the, Shamelle R. Morris, reserves all rights, waiver of none ever. A claim of relief can only be granted under the Bankruptcy Reform Act and a certificate of rescission due to violations of the Truth in Lending Act. Jurisdiction pursuant to the Federal Tort Claim Act, which grants jurisdiction over subject matter of criminal elements, and the United States District Court has original jurisdiction pursuant to 28 U.S.C., Cal 251, scope and extent of jurisdiction of Federal Court and thus grounds, which governs jurisdiction and remedies under Title 42, 1983 and 1984 is operational under the color of State Law and offices. The original jurisdiction was granted to the United States District Court Common Law Jurisdiction by Article III, section 2; Judicial power of the United States shall be vested in the Supreme Court by the Constitution for the United States of America. The Amendments without qualification petition relief upon the Constitution.

### Parties of Interest

Action to Quiet Title Action  2

1    Plaintiff is, Shamelle R. Morris.

2    Defendant is **Homecomings Financial LLC & Wachovia Dealer**

3  **Services** at 4350 Von Karman Avenue #100, Newport Beach, CA 92660

4

5                              **Fact**

6      On or around August, 2006 an agreement was made between

7    the, Homecomings Financial, and the Purchaser, Shamelle R.

8    Morris.  The Purchaser, Shamelle R. Morris has **in good faith**

9    **signed the loan agreement but has since learned of  many**

10   **Predatory facets of the above listed loans by Homecomings**

11   **Financial which is to be brought forth in a jury trial in this**

12   **United States District Court, unless Homecomings financial**

13   **rights the wrong by giving a Reconveyance of said property**

14   **forthwith.** Wherefore the defendant and all parties of interest

15   have **Failed to give full disclosure of contract according to the**

16   **Truth and Lending Act and Regulation Z** and have currently been

17   served.   Shamelle R. Morris is awaiting the notice of full

18   Reconveyance of the Deed of Trust of said property by the

19   President or Vice President of Homecomings Financial. The

20   affirmative fact, due to the Predatory Practices and Dishonor

21   mentioned in the above pursuant to the our settlement agreement

22   and stipulations below, that any dishonor/ arguments the

23   purchaser/grantor can regain her rights and the original Deed of

24   Trust is rescinded in good faith herein invoking herein the  3-

25   year right of rescission clause due to the following reasons:

26   A) The ultimate fact due to the Predatory, unethical and

27        outrageous business practices of the Defendant Homecomings

28        Financial and it's Cohorts, Shamelle R. Morris, in her own

                    Action to Quiet Title Action  3

stead, gives notice of rescission of the Deed of Trust
under the statutes of fraud and also due to breach of
agreement/dishonor of the administrative process, in which
Shamelle R. Morris requests defendant Homecomings Financial
to answer point for point under their full commercial
liability  and under penalty of perjury and signed before
two witnesses an answer of all the enclosed within 10 days
of receipt of this Quiet title And Notice of  Lis Penden
for the County Recorder or be subject to a full
reconveyance of property to the Shamelle Morris forthwith,
and to fulfill the below stipulations as well, due to their
guilt in this matter:

The ultimate fact is that **Homecomings Financial LLC & Wachovia Dealer Services** .is using all types of Slander of the Petitioner, Shamelle R. Morris, and handle this instant matter in a professional way and settling the instant matter with the petitioner..

I, Shamelle R. Morris, give notice of the affirmative fact that there was a commercial dishonor, for which I exercised my rights by using the guidelines of the United Nations Convention  therefore not only was there invasion of the named Convention, but there was also an invasion of Regulation Z of the Truth in Lending Act..  This means that there is no way for me to legally tender my debts, and one can use House Joint Resolution-192 to discharge any debts or obligations, public or private.  Due to this outrageous and unethical behavior and business practice of these named Respondents, the public at large is in jeopardy.  I, Shamelle R. Morris, bring forth this information to

Action to Quiet Title Action  4

1  the U.S. District Court for a possible Grand Jury Review and possible
2  indictments.
3
4      Domestic Mixed War- a mixed war is one which is made on one side
5  of public authority and the other by mere private person, (Black's Law
6  Dictionary 5ᵗʰ Ed. Page 1420). War does not exist merely because of an
7  armed attack by Military forces of another nation until it is a
8  condition recognized or accepted by political authority of Government,
9
10 which is attacked either through an actual declaration of war or other
11 acts demonstrating such, criminally under Title 18, Section 4, civilly
12 under Title 42, Section 1983, 1985, 1986, position emphasis added:
13 (Suaser V. Sun Life Assure Co. Of Canada, D.C. 57 F Supp. 620, 621)
14     Mixed war is the disintegration of peace: Webster's states: "A
15 State of hostility, conflict, or antagonism, a struggle between
16 opposing forces," not necessarily open, violent, armed confrontations,
17 although a continued state of disrupted peace by any forced lead to
18 open armed conflict.
19
20     The named Respondents The President/ Vice President of
21 Homecomings Financial LLC & Wachovia Dealer Services did act in their
22 private capacity and are hereby accused of the following crimes
23 against humanity, and violation of the rights of the people of this
24 California Republic/ International Communities/ Universal Declaration
25 of Human Rights or obligation are secured, preserved or defined by the
26 Constitution, art.1 sec. 10.
27 Fraud-
28

Action to Quiet Title Action  5

Permitting shown and demonstrated acts of fraud and actively participating in a scheming conspiracy of untruths and misrepresentation to deceive those who entrusted themselves in dealing in good faith, while specifically acting in deliberate bad faith wherein such fraud was shown  (Cal. Penal Code sec. 532 18 USC 1001).

Conspiracy-

A confederation of two or more individuals who may not know each other but by their joint effort, commit some unlawful or criminal act. (Black's Law Dictionary).  Multiple officials, agents, and other persons named properly noticed by the attached commercial affidavit continue to raise revenue by fraud and extortion, theft of rights of Shamelle R. Morris and the general public at large.  (California Racketeering Act 18 USC 1961 et. Seq.)

Treason-

Treason is defined as the assault against the authority to which one owes allegiance.  It is one of three specific crimes named in the United States Constitution.  It requires that one commit an act of war against the Constitution or giving aid and comfort to an enemy, such clearly, action by government officer and such private officer who have privileged authority in Commerce by the Constitution, in specific connection to the above violations.  Malfeasance of office along with violating their oath of office and in the related connected activities here in as listed below is nothing short of Treason.

Action to Quiet Title Action  6

1  In addition to and along with the above cited crimes, the

2  accuser's acting in concert with each other complete such acts as

3  listed as follows:

4  Racketeering;

5

6  Is the combination of the above identified crimes.  Title 18

7  United States Codes Section 1961 (RICO) defines it as involving a host

8  of patterned criminal actions that includes but is not limited to an

9  act or threat of murder, kid napping, gambling, arson, and as in the

10  instant case, robbery, bribery, extortion, Fraud, slavery,

11  misrepresentation, etc..

12  The explanation of crimes above stem from other hidden crimes

13  being forced upon the general public at large/ the People of this

14  California Republic and the International Communities.  Such Crimes

15  and this Affidavit of Information, is registered in the overall

16  context of the Bankruptcy of the United States the, District of

17  Columbia) as per Jurisdiction set for In the U.S. Constitution Article

18  1, section 8, clause 17, and 18 and Article 4, Section 3, clause 2)

19  the United States Bankruptcy is a direct result of the Federal Reserve

20  act of Dec. 22, 1913, in which the delegated authority of Congress to

21  be Responsible for the Nation's currency was unconstitutional and was

22  clearly reiterated on march 17, 1993 on the floor of the House of

23  Representatives by James Traficant, Jr. (Ohio) addressing the House,

24  it is recorded in the United States Congressional Record, Wednesday,

25  March 17, 1993, vol. 33 page HI303:

26  "Mr. Speaker, we are here now in chapter 11, member of congress are

27  official trustees presiding over the greatest reorganization of any

28

Action to Quiet Title Action  7

1   bankrupt entity in world history.  The U.S. Government," he further

2   mentioned, "the U.S. attorney general the "permanent member" to the

3   Secretariat of the Interpol operation and the Secretary of the

4   Treasury , the "alternate permanent member" under article 30 of the

5   constitution , and regulation of Interpol 22 USC 263 (a), the agents

6   are required to renounce their allegiance to their respective

7   countries and expatriate consequently, all "public servant" official,

8   Congressmen, politician, Judges, attorney, law enforcement personnel,

9   

10   the states and their various agencies are express agents of the

11   foreign principal.  Private Municipal Corporation in behalf of the

12   United States

13        This RICO enterprise should be subject to 28 USC sec 4 of the

14   commission of crimes cognizable by a court of the United States.

15   Title 18 USC sec 513 mentions: "Whoever makes, utters, or possesses a

16   counterfeited security of a State or political subdivision thereof or

17   of an organization, or whoever makes, utters, or possesses a forged

18   security of a state or political subdivision thereof, or organization

19   with intent to deceive another person, organization, or government

20   shall be fined not more than $250,000 or imprisoned not more than ten

21   (10) years or both."  Among securities defined at 18 USC sec 2311 is

22   

23   included: "evidence" of indebtedness, which in a broad sense may mean

24   anything that is due and owing, which would include a duty,

25   obligation, or right of action.

26

27

28

**Waiver of Contractual Right**

I, Shamelle R. Morris, shall not be deemed to have waived right under this agreement unless such waiver is given in writing and signed by the Petitioner.  The failure of either party to enforce one or more provisions of this agreement shall not be construed as a waiver or limitation of that Party's right agreement.  No delay or omission on the part of the Petitioner in exercising a right shall operate as waiver of such right or any other right.  A waiver by the Petitioner of a provision of this agreement shall not prejudice or constitute a waiver of the Secured Party's right otherwise to demand strict compliance with that provision or any other provision of this agreement.  No prior waiver by Shamelle R. Morris nor any course of dealing between Shamelle R. Morris, and the Debtor, The President/ Vice President of the defendant company's, shall constitute a waiver of the Secured Party's rights or of Debtor obligations under this agreement as to future Transactions, whenever the consent is required under this Agreement, the granting of such consent by the Petitioner in one instance shall not constitute consent over the whole.

UCC 3-103 fraud, misrepresentation, duress, Estoppel, Bankruptcy, principal and agent law of contract.

UCC 3-103.  Duty to act in good faith requires honesty not dishonest/ reasonable Commercial Standard of fair Dealing.

UCC 403.  Filing Public Record or upon Acceptance by Filing offer.

UCC 1-201 (11) offer/ consideration/ Acceptance

Action to Quiet Title Action  9

UCC 1-105 Territorial, Application of the act, practice, Power to choose, Application Law, choose law, conflict of Law.

**Payment of Ten million dollars, U.S.D. $1,,000,000.00**

| Nature of Crime | Damage Penalty | Authority of Damage |
|---|---|---|
| Fraud | $10,000.00 | 18 USC 1001 |
| 2 counts theft of exemption | $5,000.00 | 18 USC 872 |
| from count 3 (felony) (18USC 2112) | $250,000.00 | 18USC 3571, 3623 |
| Conspiracy | $10,000.00 | 18USC, 241 |
| Racketeering (Criminal) | $25,000.00 | 18USC, 1963 |
| Grand theft Larceny | $250,000.00 per day | 18 USC 872 |

Racketeering (Civil Value) Whatever the actual damages are, that can be proven, multiplied by 3, triple the damages.

$10,000.00 x 3 = $ 18 USC, 1964

| | | |
|---|---|---|
| 100 Constitutional Violations | | |
| (Human Rights violation) | $9,250,000.00 | |

partial table total

Racketeering civil penalties

$ upon default subtotal amount to be finalized.

The affirmative fact, that I, Shamelle R. Morris, further have reason to believe that the general public and the public at large are in jeopardy due to these **Predatory and Unethical**

Action to Quiet Title Action   10

1  **business practices of Homecoming Financial and its Cohorts** and

2  the President and Vice President of Homecomings Financials

3  willful refusal to give full disclosure pursuant to Regulation Z

4  of the Truth in Lending Act that there is no real and Lawful

5  Money and I am expecting Relief under said act.  This is the

6  reason I, Shamelle R. Morris honor the defendant's mutual

7  administrative settlement agreement herein and stipulations to

8  have filed, a Quiet title Lis Penden, under the rules of the

9  common law, to test the Validity and let the Jury make the

10 Determination whether there is a Breach of Contract between the

11 Purchaser/Grantor and the Seller/Grantee. The Quiet title is

12 also to test whether there was a breach of agreement or a breach

13 of duty of Homecomings Financial to give full Reconveyance of

14 the property. And to Further Test the Validity of whether the

15 President/ Vice President of Homecomings Financial has the right

16 to enforce an acceleration clause that is on the deed of trust,

17 when the right of the 3 year recission was dishonored by

18 Homecomings Financial, and when there is evidence that the

19 defendant Homecomings Financial never gave full disclosure among

20 other things to be submitted to the jury at trial, nor loaned

21 anything of substance to Shamelle R. Morris and, does

22 Homecomings Financial deserve to lose their license to do

23 business as has so many other predatory lenders?

24         The Homecomings Financial failed to respond within the

25 10 days as requested or cancel the transaction and return the

26 property back. HOMECOMINGS FINANCIAL willfully failed to give

27 full disclosure, according to Regulation Z and the Truth and

28 Lending Act, of check book credit/ credit debit, a.k.a. letter

Action to Quiet Title Action  11

1  of credit (bill of credit) and they declined to have an

2  independent, certified accountant to review the lawful money

3  that was originally loaned to see if there was clean hands in

4  the above matter and consideration given.

5

6      The , Shamelle R. Morris further affirms and is informed

7  that the president/ vice president of HOMECOMINGS FINANCIAL

8  continue to this day to refuse to give satisfaction.

9

10

11

12

13

14                    **Statement of Cause**

15      The Shamelle R. Morris is further informed that the

16  affirmative fact is that the President/ Vice President of,

17  HOMECOMINGS FINANCIAL and cohorts, also failed to disclose that

18  the original loan was created by a check book entry, which may

19  be sold in the open market as a promissory note with no

20  consideration to the plaintiff.  The defendant further failed to

21  disclose the plaintiff would be converted into just a joint

22  tenant for 30 years.

23

24      The, Shamelle R. Morris, in his own stead, rescinds the

25  loan contract due to constructive fraud and usury, and also due

26  to Predatory and Unethical business practices, and furthermore

27  demands a jury trial for relief.

28

                    Action to Quiet Title Action  12

Judicial Notice of How a Claim of Relief Can be Granted

A)    The , Shamelle R. Morris gives **Judicial Notice to the**
**United States District Court that relief can only be granted A)**
**Regulation Z of the Truth in Lending Act Title 5 USC Section**
**1635 (A) and the Title 12 CFR 226.23 (d)(i), 9**[th] **Circuit ruling**
**in Yamamoto v. Bank of New York, 329 F3d 1167. per Regulation Z**
**Action for rescission and Replevin is further Authorized Per**
**House Joint Resolution-192/ the Emergency Bankruptcy of 1933.**

**C) Under the Settlement agreement and the stipulations between**
**the parties, Shamelle R. Morris and the President/ Vice**
**President of Homecomings Financial.**

Judicial Notice, the plaintiff Shamelle R. Morris,
anticipates dishonor of the President/ Vice President of
HOMECOMINGS FINANCIAL and its attorneys, to continue to dishonor
via harassment of and by threatening of non-judicial foreclosure
in state court, by a appointed trustee, even after notice of
rescission according to this issuance of my contractual 3 year
right of recission which was also refused.

**Conclusion**
Shamelle R. Morris, further anticipates that the President/
Vice President of Homecomings Financial will take no notice of
administrative settlement agreement between the parties, in an
attempt to cover up their predatory dealings and I hereby

Action to Quiet Title Action  13

1  request an order for Reconveyance without Prejudice due to

2  defendants failure to honor all the above and adjust the

3  account.

4

5                              **Prayer**

6  1) Request to the Court that the President/ Vice President of

7  Homecomings Financial honor the terms and conditions of the

8  settlement agreement between the parties to Stay of all

9  predatory and dishonorable / non-judicial foreclosure

10 proceeding, stay of harassment of the defendant and its silent

11 partners.

12

13 2) Request to the Court that the President/ Vice President of

14 Homecomings Financial honor the terms and conditions of the

15 settlement agreement between the parties request for four times

16 the above, which will be presented at trial.

17

18 3) Request to the Court that the President/ Vice President of

19 Homecomings Financial give full disclosure pursuant to

20 Regulation Z of the Truth-in-Lending Act, that there were no

21 Predatory practices at will (Homecomings Financial **Dishonored** by

22 silence, Shamelle Morris's Request to have a professional

23 accountant to check the credit and debit of the account).

24

25 4) Request to the Court that the President/ Vice President of

26 Homecomings Financial honor the terms and conditions of the

27 settlement agreement, and further **relief can only be granted by**

28 **Regulation Z of the Truth in Lending Act Title 5 USC Section**

Action to Quiet Title Action  14

1635 (A) and the Title 12 CFR 226.23 (d)(i), 9th Circuit ruling
in Yamamoto v. Bank of New York, 329 F3d 1167. per Regulation Z
Action for rescission and Replevin is further Authorized Per
House Joint Resolution-192/ the Emergency Bankruptcy of 1933.

6) Request to the Court that the President/ Vice President of
Homecomings Financial honor the terms and conditions of the
settlement agreement between the parties to have the President
and Vice President of Homecomings Financial swear under their
full commercial liability under the penalty of perjury and sign
a jurat or record a full Reconveyance on the Deed of Trust in
the County Recorder and do whatever the District Court of the
United States deems to be proper and just.

### Verification

I, Shamelle R. Morris, attest and affirm that the above information
mentioned in this affidavit of truth / Quiet Title is true and correct
of the affirmative fact that there was a commercial dishonor, for
which I exercised my rights by using the guidelines of the United
Nations Convention  therefore not only was there invasion of the named
Convention, but there was also an invasion of Regulation Z of the
Truth in Lending Act..  This means that there is no way for me to
legally tender my debts, and one can use House Joint Resolution-192 to
discharge any debts or obligations, public or private.  Due to this
outrageous and unethical behavior and business practice of these named

Action to Quiet Title Action  15

1  Respondents, the public at large is in jeopardy is to the best of my

2  knowledge and belief.

3

4  Dated: *11-6-07*

                    Henceforth Submitted, "Without Prejudice"

5                             *Shamelle Morris*

6                        Shamelle R. Morris, UCC 3-402

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Action to Quiet Title Action  16

**EXHIBIT  B**

E. Scott Palmer, Esq., SBN 155376
Email: spalmer@pldlawyers.com
Frederick A. Haist, Esq., SBN 211322
Email: fhaist@pldlawyers.com
PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017
Phone: (213) 688-0430
Fax: (213) 688-0440

Attorneys for Defendant Homecomings Financial, LLC

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAMELLE R. MORRIS, | Case No. 07 CV 2122 L (NLS) |
| Plaintiff, | [Honorable M. James Lorenz] |
| vs. | **DEFENDANT HOMECOMINGS FINANCIAL, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT OR ALTERNATIVELY, REQUEST FOR A MORE DEFINITE STATEMENT** |
| HOMECOMINGS FINANCIAL, LLC; WACHOVIA DEALER SERVICES, | |
| Defendants. | |
| | [FRCP RULES 12(b)(6), 12(e)] |
| | DATE:     January 28, 2008 |
| | TIME:     10:30 a.m. |
| | PLACE:    Courtroom 14 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 28, 2008, at 10:30 a.m., or as soon thereafter as the matter may be heard before Judge M. James Lorenz, at the United States District Court, Southern District of California, located at 940 Front Street, San Diego, CA 92101-8900, Defendant Homecomings Financial, LLC ("Homecomings") will, and hereby does, move to dismiss Plaintiff Shamelle Morris ("Plaintiff")'s Complaint or alternatively, requests a more definite statement.

///

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

-1-

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

1    This motion is made pursuant to RULES 12(b)(6) and 12(e) of the FEDERAL

2    RULES OF CIVIL PROCEDURE because the Complaint is so vague and ambiguous that

3    Homecomings cannot reasonably frame a reply and because each and every

4    potential claim directed at Homecomings fails to state a claim upon which relief can

5    be granted.  Specifically, Plaintiff has failed to either allege a recognized claim or

6    allege facts to fulfill each element of the claims she might be asserting: 1) Quiet

7    Title; 2) the Truth In Lending Act ("TILA"), 15 U.S.C. §1601 *et seq.;* 3) Domestic

8    Mixed War; 4) Conspiracy; 5) Treason; 6) Racketeer Influenced and Corrupt

9    Organizations Act, 18 U.S.C. §1961 *et seq.*; 7) Rescission/Breach of Contract; and

10   8) Fraud.  Plaintiff's complaint is an unintelligible stream of consciousness; it is

11   hard to decipher what claims she is actually bringing.

12       This motion is based upon this notice of motion and motion, the

13   accompanying memorandum of points and authorities, the pleadings and papers on

14   file in this action, and on such further oral and documentary evidence as may be

15   presented at the hearing of this motion.

16

17   DATED:  December  11, 2007

18

19                          By    /s/ Frederick A. Haist

20                                E. SCOTT PALMER
                                 FREDERICK A. HAIST
21                                PALMER, LOMBARDI & DONOHUE
                                 LLP
22                                Attorneys for Defendant Homecomings
                                 Financial, LLC

23

24

25

26

27

28

-2-

NOTICE OF MOTION AND MOTION OF DEFENDANT TO
DISMISS PLAINTIFF'S COMPLAINT

07cv2122

E. Scott Palmer, Esq., SBN 155376
Email:  spalmer@pldlawyers.com
Frederick A. Haist, Esq., SBN 211322
Email:  fhaist@pldlawyers.com
PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017
Phone:  (213) 688-0430
Fax:  (213) 688-0440

Attorneys for Defendant Homecomings Financial, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAMELLE R. MORRIS, | Case No. 07 CV 2122 L (NLS) |
| Plaintiff, | [Honorable M. James Lorenz] |
| vs. | **DEFENDANT HOMECOMINGS FINANCIAL, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT OR ALTERNATIVELY, REQUEST FOR A MORE DEFINITE STATEMENT** |
| HOMECOMINGS FINANCIAL, LLC; WACHOVIA DEALER SERVICES, | |
| Defendants. | [FRCP RULES 12(b)(6), 12(e)] |
| | DATE:      January 28, 2008 |
| | TIME:      10:30 a.m. |
| | PLACE:    Courtroom 14 |

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

# TABLE OF CONTENTS

I.     INTRODUCTION ..................................................................................... 1

II.    ALLEGATIONS SET FORTH IN THE COMPLAINT ............................ 1

III.   PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED
       BECAUSE SHE HAS NOT ALLEGED ANY CLAIMS, MUCH
       LESS ANY VALID CLAIMS ................................................................. 3

       A.   Plaintiff Has Failed to Allege Facts Stating Any Claims for
            Relief ........................................................................................... 3

            1.   Legal Standard for a Motion to Dismiss .................................. 3

            2.   Plaintiff Has Failed to Allege Facts Supporting a
                 Quiet Title Claim ............................................................. 4

            3.   Plaintiff Has Failed to Allege Facts Supporting a
                 TILA Claim ...................................................................... 5

            4.   Plaintiff's Domestic Mixed War Claim Is Not a Valid
                 Claim ............................................................................... 5

            5.   Plaintiff Has Failed to Allege Facts Supporting a
                 Conspiracy Claim ............................................................ 7

            6.   Plaintiff Has Failed to Allege Facts Supporting a
                 Treason Claim ................................................................. 8

            7.   Plaintiff Has Failed to Allege Facts Supporting a
                 RICO Claim ..................................................................... 8

            8.   Plaintiff Has Failed to Allege Facts Supporting a
                 Breach/Rescission of Contract Claim .............................. 9

            9.   Plaintiff Has Failed to Allege Facts Supporting a Fraud
                 Claim ............................................................................... 10

       B.   A More Definite Statement is Needed Because Homecomings
            Cannot Answer Plaintiff's Complaint ......................................... 12

IV.    CONCLUSION ..................................................................................... 13

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

- i -

1

# TABLE OF AUTHORITIES

**Cases**

*Agnew v. Parks,*
   172 Cal.App.2d 756, 768, 343 P.2d 118 (1959) ................................... 11

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.,*
   7 Cal.4th 503, 511, 28 Cal.Rptr.2d 475 (1994) ..................................... 7

*Bell Atlantic Corp. v. Twombly,*
   127 S.Ct. 1955, 1974 (2007) ................................................................ 3

*Buckland v. Threshold Enterprises, Ltd.,*
   155 Cal.App.4th 798, 806-807, 66 Cal.Rptr.3d 543 (2007) .................. 11

*Careau & Co. v. Security Pacific Business Credit, Inc.,*
   222 Cal.App.3d 1371, 1390, 272 Cal.Rptr. 387, 396 (1990) .................. 9

*Cedric Kushner Promotions, Ltd. v. King,*
   533 U.S. 158, 161, 121 S.Ct. 2087 (2001) ........................................... 8

*Cholla Readimix, Inc. v. Civish,*
   382 F.3d 969, 973 (9th Cir. 2004) ....................................................... 3

*Clegg v. The Clerk's Awareness Network,*
   18 F.3d 752, 754-755 (9th Cir. 1994) .................................................. 3

*Committee On Children's Television, Inc. v. General Foods Corp.,*
   35 Cal.3d 197, 215-216, 197 Cal.Rptr. 783 (1983) ............................. 10

*Famolare, Inc. v. Edison Bros. Stores, Inc.,*
   525 F.Supp. 940, 949 (E.D. Cal. 1981) ............................................... 12

*Grimmett v. Brown,*
   75 F.3d 506, 510 (9th Cir. 1996) ......................................................... 8

*Ileto v. Glock Inc.,*
   349 F.3d 1191, 1199-1200 (9th Cir. 2003) ........................................... 3

*Kidron v. Movie Acquisition Corp.,*
   40 Cal.App.4th 1571, 1581, 47 Cal.Rptr.2d 752 (1995) ......................... 7

*Lazar v. Superior Court,*
   12 Cal.4th 631, 49 Cal.Rptr.2d 377 (1996) ........................................ 11

*McCalden v. California Library Ass'n,*
   955 F.2d 1214, 1223 (9th Cir. 1990) ..................................................... 7

*Melvin v. Melvin,*
   8 Cal.App. 684, 688, 97 P. 696 (1908) ................................................. 4

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

- ii -

*Murphy v. BDO Seidman, LLP,*
  113 Cal.App.4th 687, 692, 6 Cal.Rptr.3d 770 (2003) ...........................................11

*Peng v. Mei Chin Penghu,*
  335 F.3d 970, 980 (9th Cir. 2003) ...................................................................6

*People v. Viray,*
  134 Cal.App.4th 1186, 1202-1204, 36 Cal.Rptr.3d 693, 707 (2005) ...................11

*Redfield v. Continental Cas. Corp.,*
  818 F.2d 596, 610 (7th Cir. 1987) ...................................................................9

*Runyan v. Pacific Air Industries,*
  2 Cal.3d 304, 311-313, 85 Cal.Rptr. 138 (1970) ............................................10

*Sever v. Alaska Pulp Corp.,*
  978 F.2d 1529, 1536 (9th Cir. 1992) .............................................................6, 7

*South Shore Land Co. v. Petersen,*
  226 Cal.App.2d 725, 740-741, 38 Cal.Rptr. 392 (1964) ...................................4

*Stanfield v. Starkey,*
  220 Cal.App.3d 59, 73, 269 Cal.Rptr. 337 (1990) ..........................................11

*Stephenson v. Argonaut Ins. Co.,*
  125 Cal.App.4th 962, 974, 23 Cal.Rptr.3d 195 (2004) ....................................11

*Strauss v. Summerhays,*
  157 Cal.App.3d 806, 812, fn.3, 204 Cal.Rptr. 227 (1984) .................................4

*Swartz v. KPMG LLP,*
  476 F.3d 756, 765 (2007) .............................................................................11

*Tarmann v. State Farm Mutual Auto Ins. Co.,*
  2 Cal.App.4th 153, 157, 2 Cal.Rptr.2d 861 (1991) .........................................11

*Tomoya Kawakita v. U.S.,*
  190 F.2d 506, 515 (9th Cir. 1951) ...................................................................8

*Twombly,*
  127 S.Ct. at 1964-65 ...................................................................................3

*U.S. v. Nixon,*
  418 U.S. 683, 694, 94 S.Ct. 3090 (1974) ...............................................6, 8, 11

*Yamamoto v. Bank of New York,*
  329 F.3d 1167 ...........................................................................................2, 5

*Yourish v. California Amplifier,*
  191 F.3d 983, 993 (9th Cir. 1999) (*citing In re GlenFed Sec. Litig.,*
  42 F.3d 1541, 1545 (9th Cir.1994) (en banc)) ...............................................10

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

- iii -

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

07cv2122

1

2    **Statutes**

3    12 C.F.R. §226.23 ................................................................................................ 5, 12

4    15 U.S.C. §1601 ................................................................................................... 3

5    15 U.S.C. §1635 ................................................................................................... 5, 12

6    18 U.S.C. §1001 ................................................................................................... 12

7    18 U.S.C. §1961 ................................................................................................... 3, 8, 12

8    18 U.S.C. §1962(c) .............................................................................................. 8

9    18 U.S.C. §1964(c) .............................................................................................. 8

10   18 U.S.C. §2311 ................................................................................................... 12

11   18 U.S.C. §4 ......................................................................................................... 5

12   18 U.S.C. §513 ..................................................................................................... 12

13   22 U.S.C. §263 ..................................................................................................... 12

14   28 U.S.C. §1331 ................................................................................................... 12

15   28 U.S.C. §4 ......................................................................................................... 12

16   28 U.S.C. §516 ................................................................................................... 6, 8, 11

17   42 U.S.C. §1983 ................................................................................................... 6, 12

18   42 U.S.C. §1985 ................................................................................................... 6, 7, 12

19   42 U.S.C. §1986 ................................................................................................... 6, 7, 12

20   Cal. Code of Civ. Proc. §446 .............................................................................. 4

21   Cal. Code of Civ. Proc. §761.020 ....................................................................... 4

22   Cal. Govt. Code §100 .......................................................................................... 11

23   Cal. Govt. Code §26500 ...................................................................................... 11

24   UCC §1-105 .......................................................................................................... 12

25   UCC §1-201 .......................................................................................................... 12

26   UCC §3-103 .......................................................................................................... 12

27   UCC §403 ............................................................................................................. 12

28

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

- iv -

**Other Authorities**

Witkin, Summary of California Procedure, Actions, §124, Legal
    Action for Restitution (4th ed. 1997) ...................................................... 10

**Rules**

FEDERAL RULE OF CIVIL PROCEDURE RULE 8 ............................................... 9

FEDERAL RULE OF CIVIL PROCEDURE RULE 9 ............................................. 10

FEDERAL RULE OF CIVIL PROCEDURE RULE 12(b)(6) ................................... 3

FEDERAL RULE OF CIVIL PROCEDURE RULE 12(e) ..................................... 12

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

- v -

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

07cv2122

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

## I.    INTRODUCTION

A plaintiff does not have to plead many facts to state a claim in a United States District Court. However, those facts must be intelligible enough to give notice of a claim and must also state a valid claim. Plaintiff Shamelle Morris ("Plaintiff") has filed a complaint that is unintelligible and uncertain as to what claims she is bringing and what relief she seeks. Defendant Homecomings Financial, LLC ("Homecomings") is unable to respond to the complaint. The complaint follows no standard form and contains averments that seem to be declarations. It also has sections that request judicial notice and purport to be a verification but Plaintiff has not properly done these things. It contains mistakes that make it incomprehensible and many sentences are incomplete. It is not at all clear what claims Plaintiff alleges. To the extent that Plaintiff does allege any claims, it appears that they might involve a quiet title action, the Truth In Lending Act ("TILA"), some type of conspiracy, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), a rescission/breach of a contract and fraud. However, it is not at all clear. Plaintiff's complaint should be dismissed, or at least, she should be ordered to provide a more definite statement.

## II.    ALLEGATIONS SET FORTH IN THE COMPLAINT

It is difficult to briefly recite Plaintiff's allegations to the Court.[1] It appears she alleges jurisdiction based upon an issue of federal law. (Complaint p. 2:5-26.) Plaintiff allegedly executed a loan agreement with Homecomings. (Complaint p. 3:6-9.) Homecomings allegedly failed to give full disclosure of the contract under TILA. (Complaint p. 3:15-17.) Plaintiff allegedly exercised her rights under the guidelines of the United Nations Convention. (Complaint p. 4:17-22.) Plaintiff alleges facts about a "domestic mixed war." (Complaint p. 5:4-19.) The president

---

[1] Plaintiff has not numbered the paragraphs in her complaint. Homecomings will cite to page and line numbers.

- 1 -

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

07cv2122

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

1    and vice president of Homecomings allegedly acted in their private capacity and are

2    accused of crimes against humanity. (Complaint p. 5:20-26.) Someone allegedly

3    permitted fraud and acted in bad faith. (Complaint p. 6:1-6.) Multiple officials and

4    agents allegedly continue to raise revenue by fraud and extortion. (Complaint p.

5    6:9-16.) Plaintiff alleges treason as set forth in the Constitution and requires action

6    by a government officer for malfeasance of office. (Complaint p. 6:18-28.) The

7    alleged RICO violation stems from hidden crimes forced on the public through the

8    bankruptcy of the United States and the Federal Reserve Act. (Complaint p. 7:5-p.

9    8:11.) A RICO claim allegedly involves the possession or utterance of a

10    counterfeited security which includes anything that is due and owing. (Complaint p.

11    8:13-25.) Plaintiff alleges she has not waived any contractual rights nor has her

12    conduct constituted a waiver. (Complaint p. 9:1-20.) The president and vice

13    president of Homecomings allegedly refused to give full disclosure under TILA.

14    (Complaint p. 11:1-4.) Plaintiff seeks a determination whether Homecomings has

15    the right to enforce an acceleration clause when the 3 year right of rescission was

16    dishonored. (Complaint p. 11:14-18.) Homecomings allegedly never gave full

17    disclosure nor loaned anything of substance to Plaintiff. (Complaint p. 11:18-23.)

18    Homecomings allegedly failed to disclose that the original loan was a check book

19    entry which could be sold in the open market with no consideration to Plaintiff.

20    (Complaint p. 12:15-20.) Plaintiff allegedly gives judicial notice that relief on her

21    claim can be granted only through TILA and *Yamamoto v. Bank of New York*, 329

22    F.3d 1167. (Complaint p. 13:4-10.) Plaintiff allegedly anticipates Homecomings

23    will dishonor a notice of rescission through non-judicial foreclosure. (Complaint p.

24    13:16-22.)

25    ///

26    ///

27    ///

28    ///

- 2 -

III.    **PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE SHE HAS NOT ALLEGED ANY CLAIMS, MUCH LESS ANY VALID CLAIMS**

Plaintiff's complaint is so uncertain that it does not contain any claims whatsoever.  To the extent that Plaintiff has alleged any claims, she has failed to allege sufficient facts to maintain them.

A.    **Plaintiff Has Failed to Allege Facts Stating Any Claims for Relief**

Plaintiff does not identify in an obvious manner any specific claims for relief.  Instead, she alleges a hodge-podge of facts and statutes, apparently hoping that she has a claim under one of them.  To the extent that Plaintiff alleges any cognizable claims, she has failed to alleged facts to support them.  Plaintiff may be requesting relief under claims for: 1) Quiet Title; 2) TILA, 15 U.S.C. §1601 *et seq.;* 3) Domestic Mixed War; 4) Conspiracy; 5) Treason; 6) RICO, 18 U.S.C. §1961 *et seq.*; 7) Rescission/Breach of Contract; and 8) Fraud, but it is not clear.

1.    **Legal Standard for a Motion to Dismiss**

A motion to dismiss pursuant to FEDERAL RULE OF CIVIL PROCEDURE ("FRCP"), RULE 12(b)(6) tests the sufficiency of the complaint.  *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  The standard of reviewing the sufficiency of a complaint under FRCP RULE 12(b)(6) is broad but a complaint must allege enough facts to state a claim that is plausible, not merely conceivable.  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).  Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those allegations cannot reasonably be drawn from the facts alleged."  *Clegg v. The Clerk's Awareness Network,* 18 F.3d 752, 754-755 (9th Cir. 1994); *Cholla Readimix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004); *see also Twombly*, 127 S.Ct. at 1964-65.  Plaintiff fails to meet this standard.

///

///

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

- 3 -

PALMER, LOMBARDI & DONOHUE LLP
888 West 6ᵗʰ Street, 12ᵗʰ Floor
Los Angeles, California 90017

## 2.    Plaintiff Has Failed to Allege Facts Supporting a Quiet Title Claim

Under California CODE OF CIVIL PROCEDURE §761.020, a complaint alleging a quiet title claim must meet certain elements.  The complaint must be verified and allege: 1) the legal description and street address of real property; 2) the title Plaintiff seeks and the factual basis for the title (e.g., adverse possession); 3) the adverse claims against the title; 4) the date as of which the determination is sought; and 5) a prayer for the determination of the title.  *See also Strauss v. Summerhays*, 157 Cal.App.3d 806, 812, fn.3, 204 Cal.Rptr. 227 (1984).  Plaintiff has failed to meet these threshold elements.

Plaintiff's "verification," while containing extraneous information, seems to fulfill the requirements of CODE OF CIVIL PROCEDURE §446.  However, she fails to state the legal description of the property seemingly at issue (and it is not clear that the property is at issue).  (Complaint p. 1:19-21.)  She also fails to describe her title or interest in the property and the basis for any interest.  In fact, she fails to allege she even owns the property mentioned in her complaint, although she seems to reside there.  Failure to allege an interest is fatal to a quiet title action.  *Melvin v. Melvin*, 8 Cal.App. 684, 688, 97 P. 696 (1908); *see also South Shore Land Co. v. Petersen*, 226 Cal.App.2d 725, 740-741, 38 Cal.Rptr. 392 (1964).  She does not allege what adverse claims against the title Homecomings allegedly has.  She also does not specifically pray for title to transfer from Homecomings to her.  She merely prays for a reconveyance, but to whom and of what interest, she fails to specify. Plaintiff simply has not alleged the elements of a quiet title claim since she has not alleged she even has a claim to any real property or that Homecomings holds an interest adverse to hers.

///

///

///

- 4 -

### 3. Plaintiff Has Failed to Allege Facts Supporting a TILA Claim

Under 15 U.S.C. §1635, the section of TILA Plaintiff cites, Plaintiff has the right to rescind her loan disbursement within 3 days of consummating the loan. The lender must provide notice of this right to Plaintiff. Plaintiff must notify the lender, by mail, that she is rescinding the loan within 3 days of either delivery of the notice of the right to rescind **or** the consummation of the loan. 12 C.F.R. §226.23(a)(2) (Regulation Z). Under 12 C.F.R. §226.23(a)(3), if Plaintiff did not receive a written notice of the right to rescind, her right to rescind expires 3 years after consummating the loan.

Plaintiff's TILA claim would seem to fail for a fundamental reason—she alleges that Homecomings never "loaned anything of substance" to her. (Complaint p.11:20-21.) Even if this averment was a mistake, she simply has not alleged that she provided written notice of her rescission to Homecomings. She also has not alleged that she failed to receive a written notice of her right to rescind; she merely alleges she did not receive full disclosure of the contract. It is not clear to which contract she is referring or what was not disclosed. Finally, she fails to allege that she can tender the amount of the loan to Homecomings. Plaintiff's ability to tender the loan amount is an essential element of maintaining a TILA rescission claim. *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1173 (9th Cir. 2003) (District Court can dismiss TILA rescission case if borrowers cannot provide proof of their ability to repay loan proceeds). Homecomings cannot discern any basis for Plaintiff's supposed TILA claim.

### 4. Plaintiff's Domestic Mixed War Claim Is Not a Valid Claim

Plaintiff seems to allege a claim for a "domestic mixed war." She cites 18 U.S.C. §4 in support of this "claim", but that statute involves the crime of misprision of felony. Misprision of felony is a criminal claim that can only be prosecuted by the United States Attorney General. *See, e.g., U.S. v. Nixon*, 418 U.S. 683, 694, 94

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

- 5 -

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

1  S.Ct. 3090 (1974); 28 U.S.C. §516.  It has nothing to do with a war, nor is it a claim

2  she can allege against Homecomings.

3      Plaintiff also cites 42 U.S.C. §§1983, 1985 and 1986 to support this claim.

4  However, it is not at all clear how a deprivation of a person's constitutional rights

5  under color of law states a claim for a "domestic mixed war."  The protections

6  provided by 42 U.S.C. §§1983, 1985 and 1986 simply do not support this "claim."

7  Even assuming that Plaintiff meant to allege some type of constitutional claim for

8  which she seeks restitution under 42 U.S.C. §§1983, 1985 and 1986, she has failed

9  to do so.

10     Specifically, Plaintiff has not stated a 42 U.S.C. §1983 claim.  She has not

11  alleged that Homecomings acted under color of law or deprived **her** of a

12  **constitutional** right.  In fact, a §1983 claim cannot be brought against a private

13  entity, except when Plaintiff has alleged the entity is a "willful participant in joint

14  action with the State or its agents."  [Internal quotations omitted.]  *Peng v. Mei Chin*

15  *Penghu*, 335 F.3d 970, 980 (9th Cir. 2003).  She has not done so.  She only alleges

16  that Homecomings is accused of constitutional violations and crimes against

17  humanity and provides no details about these "crimes."  (Complaint p. 5:20-26, p.

18  10:18-21.)

19     If Plaintiff is bringing a claim under 42 U.S.C. §1985, it too is not a valid

20  claim against Homecomings.  Such a claim requires allegations meeting the

21  following elements: (1) A conspiracy; (2) The conspiracy was motivated by racial or

22  a class-based discriminatory animus for the purpose of depriving, either directly or

23  indirectly, Plaintiff of the equal protection of the laws, or of equal privileges and

24  immunities under the laws; (3) Homecomings committed an act in furtherance of

25  this conspiracy; (4) Plaintiff was either injured in her person or property or deprived

26  of any right or privilege of a citizen of the United States.  *Sever v. Alaska Pulp*

27  *Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992).  Plaintiff has not alleged Homecomings

28  entered into a conspiracy with anyone else and has not alleged that the conspiracy

- 6 -

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

1   was designed to deprive her of her rights because she is a member of a recognized

2   class (e.g., race, color, religion, sex, or national origin). See *Sever*, 978 F.2d at

3   1536. Finally, it is not clear what injuries Plaintiff suffered. She simply has not

4   alleged any facts setting forth her claim.

5         If Plaintiff is bringing a 42 U.S.C. §1986 claim, it must fail. A claim can only

6   "'be stated under § 1986 only if the complaint contains a valid claim under §

7   1985.'" *McCalden v. California Library Ass'n*, 955 F.2d 1214, 1223 (9th Cir.

8   1990). As discussed above, Plaintiff has failed to allege a valid claim under 42

9   U.S.C. §1985. Plaintiff therefore has not provided any cognizable basis for her

10   "domestic mixed war" claim.

11         **5.**    **Plaintiff Has Failed to Allege Facts Supporting a Conspiracy**

12   **Claim**

13         Plaintiff seems to be bringing this claim under state law. The elements of a

14   civil conspiracy are: (1) an agreement to do a wrongful act; (2) a wrongful act or

15   acts done pursuant thereto; and (3) the damage resulting. *Kidron v. Movie*

16   *Acquisition Corp.*, 40 Cal.App.4th 1571, 1581, 47 Cal.Rptr.2d 752 (1995); *see also*

17   *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 511, 28

18   Cal.Rptr.2d 475 (1994). To be liable, Homecomings must participate in committing

19   the tort; mere knowledge is insufficient. *Kidron*, 40 Cal.App.4th at 1582. There also

20   has to be two parties conspiring with each other. *Kidron*, 40 Cal.App.4th at 1582.

21   Plaintiff has failed to allege Homecomings participated in any tort. In addition,

22   Plaintiff has not alleged that Homecomings conspired with another entity. Finally,

23   if Plaintiff has not alleged facts to support any torts, then logically a conspiracy

24   cannot be established. *Kidron*, 40 Cal.App.4th at 1582. She has failed to allege any

25   facts supporting any cognizable claims for which the conspiracy was supposedly

26   formed. This claim should be dismissed.

27   ///

28   ///

- 7 -

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

### 6.    Plaintiff Has Failed to Allege Facts Supporting a Treason Claim

This criminal claim can only be prosecuted by the United States Attorney General. *See, e.g., Nixon*, 418 U.S. at 694; 28 U.S.C. §516. Even assuming Plaintiff can somehow bring this claim (which she has failed to allege facts showing she can), she has not established the elements. Treason consists of two elements: adherence to the enemy, and rendering it aid and comfort. *Tomoya Kawakita v. U.S.*, 190 F.2d 506, 515 (9th Cir. 1951). Plaintiff has alleged no facts showing Homecomings rendered aid and comfort to an enemy of the United States or that it adhered to an enemy. This claim is not established and should be dismissed.

### 7.    Plaintiff Has Failed to Allege Facts Supporting a RICO Claim

To establish a RICO claim, Plaintiff must allege facts showing: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to the plaintiff's "business or property." 18 U.S.C. §§1964(c), 1962(c); *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996). "Racketeering activity" is defined as a violation of one or more of a laundry list of criminal actions which include murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, dealing in a controlled substance, or fraud (including wire and mail fraud). 18 U.S.C. §1961. An "enterprise" must consist of two distinct entities. *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161, 121 S.Ct. 2087 (2001). Plaintiff has failed to allege Homecomings was part of an enterprise, conducted a pattern of racketeering activity or that she suffered any damages due to the activity. She has not alleged she received an illegal loan or that she has lost her property through foreclosure. Indeed, it is unclear that Plaintiff has suffered any damages; while she has alleged a table with money amounts, there are no allegations indicating why she should receive those amounts.

///

- 8 -

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

**8.    Plaintiff Has Failed to Allege Facts Supporting a Breach/Rescission of Contract Claim**

Plaintiff alleges several paragraphs about waiving her rights under an agreement (possibly a settlement agreement, but it is not clear) and requesting rescission of the loan agreement as well as mentioning a third agreement. (Complaint p. 9-12.)  Aside from containing conclusions of law that she "shall not be deemed to have waived right [sic] under this agreement," she fails to allege any details about the three agreements she mentions.  (Complaint p. 9:2-3.)  It is not even certain whether Plaintiff is asserting a breach or requesting rescission.  Either way, she has not stated a claim.

a.    Plaintiff Has Not Alleged a Breach of Contract Claim

Plaintiff's supposed "breach" claim is not supported by any fact.  While FEDERAL RULE OF CIVIL PROCEDURE RULE 8 only requires plaintiff to allege sufficient facts to provide Homecomings notice of a claim, she still must allege information about the contract.  As mentioned, she seems to allege the existence of three contracts—a settlement agreement, the loan agreement and an unspecified agreement.  Plaintiff has not alleged any terms of any of the contracts, or which, if any, of the contracts were breached.  Plaintiff's claim is not supported by facts; Homecomings has no notice of a breach claim because there are no facts stating what contracts or contractual terms are even at issue.

Plaintiff also has not alleged that she fulfilled all the conditions precedent to any contract.  Alleging performance of all conditions is necessary to state a claim. *Redfield v. Continental Cas. Corp.*, 818 F.2d 596, 610 (7th Cir. 1987) ("An essential allegation of a complaint based upon a breach of contract is that the plaintiff performed all contractual conditions required of him"); *Careau & Co. v. Security Pacific Business Credit, Inc.*, 222 Cal.App.3d 1371, 1390, 272 Cal.Rptr. 387, 396 (1990) ("we are forced to conclude that they have failed to state a cause of action for breach of contract. There are no specific allegations of the performance of

- 9 -

1   any of the conditions"). Plaintiff cannot have a valid contract claim if she has not

2   alleged facts that she fulfilled all of the terms of the contract.

b.   Rescission of Contract Is Not a Valid Claim

4   Plaintiff also seems to assert a rescission of contract claim. It is not clear

5   what contract she seeks to rescind, but it seems to be her loan agreement. However,

6   such a claim is not valid. Actions seeking to have a rescission adjudged were

7   abolished in 1961. Witkin, Summary of California Procedure, Actions, §124, Legal

8   Action for Restitution (4th ed. 1997). The proper procedure is to unilaterally

9   rescind the contract, return all consideration received from the other party, and seek

10   restitution for the consideration given to the other party. *See Runyan v. Pacific Air*

11   *Industries*, 2 Cal.3d 304, 311-313, 85 Cal.Rptr. 138 (1970). Plaintiff has failed to

12   state a restitution claim. She has not alleged she has returned the consideration she

13   received from Homecomings nor has she alleged that she is prepared to do so.

14   Thus, she has not alleged a valid restitution/rescission claim.

15   **9.   Plaintiff Has Failed to Allege Facts Supporting a Fraud**

16   **Claim**

17   Finally, Plaintiff also seems to allege a fraud claim. FEDERAL RULE OF CIVIL

18   PROCEDURE, RULE 9(b) requires that "[i]n all averments of fraud or mistake, the

19   circumstances constituting fraud or mistake shall be stated with particularity." This

20   means that Plaintiff must state the contents of alleged misrepresentative statements,

21   as well as what is false or misleading about the statement, who made it, when it was

22   made, where it was made and why it is false. *Yourish v. California Amplifier*, 191

23   F.3d 983, 993 (9th Cir. 1999) (*citing In re GlenFed Sec. Litig.*, 42 F.3d 1541, 1545

24   (9th Cir.1994) (en banc)). Plaintiff's fraud allegation is a long, incomplete sentence

25   that seems to be merely a definition of fraud. (Complaint p. 5:28-p.6:6.) Plaintiff

26   has not met the heightened pleading requirements of RULE 9. Under state law, she

27   absolutely has failed to state a claim. *See, e.g., Committee On Children's Television,*

28   *Inc. v. General Foods Corp.*, 35 Cal.3d 197, 215-216, 197 Cal.Rptr. 783 (1983);

- 10 -

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

*Murphy v. BDO Seidman, LLP*, 113 Cal.App.4th 687, 692, 6 Cal.Rptr.3d 770 (2003); *Tarmann v. State Farm Mutual Auto Ins. Co.*, 2 Cal.App.4th 153, 157, 2 Cal.Rptr.2d 861 (1991); *Lazar v. Superior Court*, 12 Cal.4th 631, 49 Cal.Rptr.2d 377 (1996); *Stanfield v. Starkey*, 220 Cal.App.3d 59, 73, 269 Cal.Rptr. 337 (1990).

Plaintiff also inexplicably cites California Penal Code §532 and 18 U.S.C. §1001 as the bases for this claim. However, she cannot bring a criminal action under those statutes. *See, e.g., Nixon*, 418 U.S. at 694; 28 U.S.C. §516; *People v. Viray*, 134 Cal.App.4th 1186, 1202-1204, 36 Cal.Rptr.3d 693, 707 (2005); CAL. GOVT. CODE §26500; CAL. GOVT. CODE §100. Plaintiff also has sued two different entities, Homecomings and Wachovia Dealer Services, but has not differentiated between them. Plaintiff "must, at a minimum, 'identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme.'" [Citations omitted in original.] *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (2007).

Even had Plaintiff pled her fraud claim with the required specificity, she has not alleged sufficient facts to state a fraud claim. The elements of a fraud claim are 1) misrepresentation of a fact; 2) knowledge of falsity; 3) intent to defraud, that is, to induce reliance; 4) justifiable reliance; and 5) resulting damage. *Buckland v. Threshold Enterprises, Ltd.*, 155 Cal.App.4th 798, 806-807, 66 Cal.Rptr.3d 543 (2007). Plaintiff has not alleged any misrepresentations of any facts; she merely alleges Homecomings failed to make full disclosures. She does not allege that the disclosures affected her decision to sign any of the three agreements she mentions or that there was in fact anything false about any of the three contracts. She also fails to allege how she was damaged. "It is the rule that fraud without damages is not actionable." *Agnew v. Parks*, 172 Cal.App.2d 756, 768, 343 P.2d 118 (1959); *Stephenson v. Argonaut Ins. Co.*, 125 Cal.App.4th 962, 974, 23 Cal.Rptr.3d 195 (2004). She has not alleged a fraud claim.

///

///

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

- 11 -

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

1

## B.    A More Definite Statement is Needed Because Homecomings
2 ## Cannot Answer Plaintiff's Complaint

3       Not only has Plaintiff failed to allege facts to support her claims, the facts she

4 has alleged are incomprehensible.  If Plaintiff's complaint is not dismissed,

5 Homecomings cannot realistically answer her complaint.  Many of the allegations

6 are misstated summaries of statutes or misquoted principles.  Some of the sentences

7 in the complaint are incomplete or are averments that cannot be denied or admitted.

8 A motion for a more definite statement should be granted if Homecomings cannot

9 frame a responsive pleading.  FED. R. CIV. P. 12(e); *Famolare, Inc. v. Edison Bros.*

10 *Stores, Inc.*, 525 F.Supp. 940, 949 (E.D. Cal. 1981).

11       Plaintiff seems to allege "claims" that are not legally recognized claims such

12 as "domestic mixed war."  She cites several statutes, including 15 U.S.C. §1635, 18

13 U.S.C. §§513, 1001, 1961 and 2311, 22 U.S.C. §263, 28 U.S.C. §4 and 42 U.S.C.

14 §§1983, 1985 and 1986, 12 C.F.R. §226.23 and UCC §§3-103, 403, 1-105 and 1-

15 201, yet fails to allege any coherent facts relating to those statutes.  Plaintiff's claims

16 often only aver the definitions or words of a statute but fail to allege facts meeting

17 those definitions.  She alleges violations of criminal statutes yet cannot bring such

18 claims.

19       Plaintiff's contract claim is uncertain; at times she alleges three different

20 contracts—her loan agreement, a settlement agreement and a third unspecified

21 agreement.  She has failed to allege any terms of any agreement, much less a breach

22 or her ability to rescind.  Her fraud claim consists of one sentence.  It is not even

23 clear upon what jurisdictional grounds Plaintiff is suing since she does not cite the

24 appropriate statutes, although it seems that the court has jurisdiction under 28 U.S.C.

25 §1331.  If the complaint is not dismissed, Plaintiff simply must redraft her complaint

26 so that it is understandable.

27 ///

28 ///

- 12 -

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

07cv2122

## IV.    <u>CONCLUSION</u>

Plaintiff's complaint is vague and uncertain at best.  Plaintiff has not sufficiently identified the claims she is making in her complaint.  Her complaint contains many statements about many different statutes and potential bases for claims, but it fails to allege facts fulfilling the elements of those claims.  It is impossible for Homecomings to answer the complaint.  There are no numbered paragraphs and some of the sentences in the complaint are incomplete or are averments that cannot be denied or admitted.  Even if Plaintiff had alleged a complaint that was not vague and indefinite, she has failed to allege facts to satisfy those claims.  She has alleged insufficient facts to support her: 1) Quiet Title claim; 2) TILA claim; 3) Domestic Mixed War claim; 4) Conspiracy claim; 5) Treason claim; 6) RICO claim; 7) Rescission/Breach of Contract claim; and 8) Fraud claim, if those are the claims she is making.  Plaintiff's complaint should be dismissed.

DATED:  December 11, 2007


By    /s/ Frederick A. Haist
E. SCOTT PALMER
FREDERICK A. HAIST
PALMER, LOMBARDI & DONOHUE LLP
Attorneys for Defendant Homecomings
Financial, LLC

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

- 13 -